[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this habeas corpus action the petitioner claims ineffective assistance of counsel in the entry of a guilty plea. By way of an amended petition for habeas corpus dated August 24, 1999 and filed August 30, 1999, the petitioner alleged that his attorney, Miles Gerety, Esq. "assured [him] that his sentences would run concurrent to each other and concurrent to [a] sentence in another case" when in fact the sentence was to run consecutively to the other case.
 I.
This matter was tried to the court on September 10, 1999. Post-trial briefs have been submitted. The following facts are found:
The petitioner pleaded guilty under the Alford doctrine before Judge John Ronan to a four-count information in Docket No. CR-93-89724, Judicial District of Fairfield, on February 9, 1995. Exhibits 1 and 2. He was represented by Attorney Miles Gerety, an assistant public defender. He was sentenced in the same case on March 10, 1995.
Attorney Gerety has been employed with the Public Defender Service since 1987 and has worked in a Part A public defender's office for seven years. In 1994 and 1995, he worked in the Bridgeport public defender's office. Gerety initially represented the petitioner in a murder case, Docket No. CR-92-73282 ("the murder case"). While the petitioner was out on bond on the murder case he was arrested on new charges, which became the subject of Docket No. CR-93-89724 ("the second case").
The murder case was assigned for trial first. Gerety represented the petitioner at trial. The petitioner was acquitted CT Page 14402 on the murder charge and convicted on lesser charges of attempted murder, carrying a pistol without a permit and conspiracy to commit murder. See State v. Crump, 43 Conn. App. 252, 252,683 A.2d 402 (1996). In January 1995, the trial judge sentenced the petitioner to a term of 20 years imprisonment, execution suspended after 14 years.
The second case was negotiated after the sentencing in the murder case. The charges against the petitioner included assault on a police officer, interfering with a police officer, attempted assault on several police officers, possession of cocaine and heroin with the intent to sell, and carrying a pistol without a permit. Petitioner's exposure exceeded 60 years imprisonment. The petitioner testified that he was aware that the second case involved quite a few charges. He also conceded that he was not claiming he was completely innocent of the charges against him and admitted he had the pistol.
Gerety testified that he was aware that five police officers were potential witnesses against the petitioner which put the petitioner in a tough position. In addition, because these offenses had been committed while the petitioner was out on bond in the murder case, the petitioner faced sentencing enhancements. Gerety believed that even if the petitioner were only convicted of the drug and pistol charges he was likely to receive consecutive time because of the nature of the offenses, including the fact that the weapon was loaded with armor piercing bullets, and other aggravating factors. Gerety interviewed the individuals whom the petitioner had identified as witnesses in his favor and concluded both that they were not going to support him and that they had not witnessed the events. Gerety felt he might have a slim chance defending the petitioner on the assault charges, but he believed the petitioner would be convicted on the drug and pistol charges, which carried mandatory minimum sentences. Gerety advised the petitioner of all these factors.
At a pre-trial conference among the State's Attorney Donald Browne, Judge Ronan and Gerety, an agreement to resolve the second case on reduced charges[1] and with a sentence of five years consecutive to the murder case was negotiated. Gerety testified that the petitioner was well aware that the term "consecutive" meant in addition to the 14-year sentence he was already serving because the petitioner complained to Gerety that he would be serving a 19-year sentence. This occurred before the petitioner entered his plea. CT Page 14403
Gerety testified that the petitioner was one of the smartest clients he ever represented and that he had no doubt that the petitioner entered his plea in the second case fully aware of his options and knowing what "consecutive" meant. Gerety also testified that he always tells his clients the length of the sentence and uses the legal term, in this case "consecutive." According to Gerety, the petitioner was aware that the sentences in the murder case and the second case were not going to run together.
The petitioner, however, testified that he thought he had a deal to get a concurrent sentence if he lost the murder case because Gerety had told him that if he were convicted of the murder charge he would probably get a life sentence and the state would be willing to offer concurrent time on the second case.[2] Although the petitioner testified that he would have elected a jury trial in the second case if he knew the sentence would be consecutive, he also testified that Gerety told him before he entered the plea that the agreement was for five years consecutive to the murder case sentence.[3] He admitted that at some point he understood he was going to receive a consecutive sentence, but contends it was not until his sentencing hearing.[4] Finally, the petitioner, who attended college for one year and was 26 years old at the time he entered his plea, testified that even today he remains confused about the difference between consecutive and concurrent sentences. The petitioner's claim of confusion is simply not credible.[5] The court concludes that the petitioner is an intelligent and articulate individual and that he understood what a consecutive sentence meant at the time he entered his plea.
There is no doubt that the petitioner was aware, before he entered his plea on February 9, 1995, that his sentence would be five years, that it would run consecutively to the sentence in the murder case and that, as a result, he would be facing 19 years incarceration. Furthermore, although the petitioner had an opportunity to address the court, at the plea proceeding, after Judge Ronan advised him of his right to withdraw his guilty plea if Judge Ronan "decided that this sentence of five years consecutive to what you are serving is too lenient, if I thought it should be longer," the petitioner said nothing. (Exhibit 2-Transcript of February 9, 1995 proceeding) Instead, petitioner waited to his sentencing hearing to complain about, but not challenge his understanding of, the agreement for consecutive CT Page 14404 time. See footnote 4, supra.
 II.
There is a two-part test for establishing ineffective assistance of counsel arising out of the plea process. First, a petitioner must demonstrate that counsel's representation fell below an objective standard of competence. Strickland v.Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). The question is "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance.... counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id., 466 U.S. 690. Second, the petitioner must demonstrate prejudice and in order to do so he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59,106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "To satisfy the Hill standard, a defendant must prove that, but for defense counsel's deficient performance, there is a reasonable probability that he would have pleaded not guilty and proceeded to trial on the basis of the likelihood that his defenses would succeed in providing a more favorable outcome." Copas v. Commissioner of Correction,234 Conn. 139, 157, n. 10, 662 A.2d 718 (1995). A "successful outcome at trial has been interpreted to include either the likelihood of acquittal or the likelihood of a more favorable sentence." Id.,234 Conn. 162, n. 18.
The petitioner has failed to prove either of the requisite prongs. The petitioner's testimony that Gerety failed to advise him that his sentence in the second case would run consecutively to the sentence in the murder case is belied by the credible evidence. Furthermore, the petitioner's testimony that he failed to understand the consecutive nature of the agreed upon sentence before entering his plea is not credible. There is no evidence that Gerety's performance was not reasonably competent or within the range of competence expected of attorneys with ordinary training and skill in criminal law. To the contrary, the evidence "demonstrates that Gerety was extraordinarily competent in obtaining a plea agreement to reduced charges that limited the petitioner's exposure to only five years of consecutive time, when he faced a minimum of eight years of consecutive time on the original charges. CT Page 14405
Furthermore, there is no evidence of prejudice. Other than the petitioner's self-serving statement that he would have elected to go to trial on the second case, the petitioner has failed to offer any credible evidence, based on the strengths of the state's case and any defenses available to him, that he was likely to face a more successful outcome at trial than the negotiated agreement. To the contrary, the only credible evidence is that the state had a very strong case against him, supported by the testimony of five police officers who witnessed his criminal conduct, and that petitioner's defenses were unavailing. Indeed, the petitioner testified at the habeas hearing that he was not claiming he was completely innocent of the charges against him and admitted he had the pistol. Under these circumstances, it is not reasonably probable that the petitioner would have been acquitted of the most serious charges carrying mandatory minimum consecutive sentences of at least eight years, and it is reasonably probable that he would have received a significantly lengthier consecutive sentence after trial.[6]
 III.
The petitioner has failed to meet his burden of proving either prong of the Strickland-Hill requirements. Accordingly, the petition for habeas corpus is denied.
Linda K. Lager, Judge